**Donald Raymond SMITH, Plaintiff-Appellant,**

**v.**

**Merle R. SCHNECKLOTH, Superintendent, California Conservation Center, Defendant-Appellee.**

**No. 23089.**

United States Court of Appeals
Ninth Circuit.

July 22, 1969.

Donald Raymond Smith, pro. per.

---

Thomas C. Lynch, Atty. Gen., Sacramento, Cal., for appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and *BYRNE, District Judge.

PER CURIAM:

This is an appeal from the district court's dismissal of a complaint filed under the Civil Rights Act, 42 U.S.C. § 1983, by an inmate of the California Conservation Center. The complaint alleged that the plaintiff was denied equal protection of law when prison authorities transferred him from his assigned work as a dental technician at the Center solely because he is a narcotics addict. In addition, plaintiff alleged that the failure to provide him either medical treatment for his addiction or adequate vocational training amounted to cruel and unusual punishment.

The district court held that the complaint failed to state a cause of action.[1] We agree.

■ 1. Of course, "it is well established that prisoners do not lose all their constitutional rights and that the Due Process and Equal Protection Clauses of the Fourteenth Amendment follow them into prison and protect them there * * *." Washington v. Lee, 263 F. Supp. 327, 331 (M.D.Ala.1966), aff'd and approved, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); accord, Jackson v. Bishop, 404 F.2d 571, 576 (8th Cir.1968).

■ It is also settled, however, that correctional authorities have wide discretion in matters of internal prison administration and that reasonable action within the scope of this discretion does not violate a prisoner's constitutional rights. See, e.g., Beard v. Lee, 396 F.2d 749, 751 (5th Cir.1968); Lee v. Tahash, 352 F.2d 970, 972 (8th Cir.1965); Snow v. Gladden, 338 F.2d 999, 1001 (9th Cir. 1964); McCloskey v. Maryland, 337 F. 2d 72, 74 (4th Cir.1964).

■ The transfer of plaintiff from his prison work as a dental technician on the ground he is a narcotics addict appears on its face to have been a reasonable exercise of a legitimate discretion. These allegations of the complaint, even as supplemented in plaintiff's brief in this court, are therefore not of sufficient substantiality to create triable issues. See Snow v. Gladden, supra.

2. Assuming proper averments of state action, a complaint states a cause of action under section 1983 when it alleges "an acute physical condition, the urgent need for medical care, the failure or refusal to provide it, and tangible residual injury." Stiltner v. Rhay, 371 F. 2d 420, 421 n. 3 (9th Cir.1967); see Riley v. Rhay, 407 F.2d 496 (9th Cir. 1969). It is unnecessary in this case to consider whether a condition of narcotics addiction could satisfy these requirements.

■ It is clearly implicit in the *Stiltner* formulation that remedial medical treatment in fact exists, or is available to state officials, before their failure or refusal to provide it can be said to violate the Fourteenth Amendment. Nothing expressed or implied in the complaint may be viewed as alleging that the defendant had access to any such

---

* Honorable William M. Byrne, Senior Judge, United States District Court for the Central District of California, sitting by designation.

1. Plaintiff prayed for release from custody. The district court held that in this respect the complaint was in essence a petition for habeas corpus, and as such was defective for failure to allege the exhaustion of state remedies required by 28 U.S.C. § 2254(b). The court was correct in holding that the Civil Rights Act, which contains no exhaustion requirement (*see, e. g.*, Houghton v. Shafer, 392 U.S. 639, 640–641, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968)), cannot be used to circumvent that requirement in the habeas corpus statute. Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963). However, the complaint also sought additional forms of relief, including damages, and the district court therefore properly reached the merits of the issues which the complaint raised.

treatment or could have provided it to plaintiff. The complaint therefore failed to state a cause of action on this issue.

We must also reject plaintiff's broader contention that defendant's alleged failure to provide rehabilitative vocational training, combined with the failure to treat his addiction, constituted cruel and unusual punishment. The Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Trop v. Dulles, 356 U. S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958) (opinion of Warren, C. J.). Whatever our hopes for the future, we cannot hold at present that the treatment described in the complaint constitutes cruel and unusual punishment. *Cf.* Verdugo v. United States, 402 F.2d 599, 617 & n. 13 (9th Cir.1968) (separate opinion).

Affirmed.