Rene "Chico" RODRIGUEZ, individually and on behalf of all Latin prisoners similarly situated, Plaintiff,

v.

Jan BLAEDOW, individually and in her official capacity as Social Worker, Thomas R. Israel, Superintendent, Defendants.

No. 80–C–851.

United States District Court, E. D. Wisconsin.

Sept. 25, 1980.

Rene Rodriguez, pro se.

Bronson C. LaFollette, Wis. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motion of the plaintiff for leave to proceed in forma pauperis. The plaintiff is presently incarcerated in the Wisconsin correctional institution at Waupun. He alleges that he requested permission to place a telephone call to his sister. Permission was granted, but when the plaintiff placed his call, he was not permitted by Ms. Blaedow, an employee of the institution, to speak to his sister in Spanish. Instead, Ms. Blaedow instructed the plaintiff to speak in English or she would terminate the telephone call. The plaintiff states that he reluctantly continued the conversation in English.

The plaintiff is Hispanic and states that he and his sister normally converse in Spanish because of their cultural heritage. The plaintiff claims that refusal to permit him to converse in Spanish discriminates against him because of his heritage, in violation of the equal protection clause of the fourteenth amendment, and infringes his right to freedom of speech under the first and fourteenth amendments.

Under 28 U.S.C. § 1915(d), an action where in forma pauperis status has been requested may be dismissed if "the action is frivolous or malicious." Even if this action is not frivolous, it clearly fails to state a claim upon which relief can be granted. The rights of inmates under the first amendment were discussed by Justice Stewart in *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974):

> "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of Law." *Pell* at p. 822, 94 S.Ct. at p. 2804. *See Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1979).

Prison officials may properly censor an inmate's mail in order to preserve security, order, and rehabilitation. *Guajardo v. Estelle*, 580 F.2d 748, 756–57 (5th Cir. 1978). Similarly, an inmate's right of privacy is not violated when prison officials monitor his conversations with visitors. *Christman v. Skinner*, 468 F.2d 723, 726 (2d Cir. 1972).

Thus, there is no question that prison officials could properly monitor the telephone call of the plaintiff as part of a

system of security to control the plaintiff's communication with outsiders. It follows then that if it is proper to monitor the plaintiff's communications, it is proper to require the plaintiff to communicate in a language which the prison officials can understand. The infringement on the plaintiff's rights can only be characterized as slight, as the plaintiff was permitted to continue his call in English. He makes no allegation that the requirement to speak English prevented adequate communication with his sister. I also find no merit to the claim that the actions of Ms. Blaedow denied the plaintiff equal protection under the law.

Therefore, IT IS ORDERED that the plaintiff's request for leave to proceed in forma pauperis be and hereby is granted.

IT IS ALSO ORDERED that this action, upon the court's own motion, be and hereby is held to fail to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.