SHANNON, Acting Chief Judge.
The appellant was tried for first degree murder and, having been acquitted by reason of insanity, was committed to the South Florida State Hospital under Fla.Stat. Sec. 919.11, F.S.A., as being manifestly dangerous to the public. After the appellant had been in the maximum security section of the hospital for slightly less than one year, the hospital disposition board advised the appellant’s attorney that they thought the appellant was “non-psychotic and should be returned to court for final disposition.” A motion for final discharge was filed, and a hearing was held at which five psychiatrists testified as to whether the appellant should be released, the trial judge concluding that the appellant is still manifestly dangerous to the public and should remain in confinement.
The psychiatrists, all of whom examined the appellant, agreed that the appellant could not receive any personal benefit from remaining in the maximum security section of the hospital. They all further agreed that the appellant was suffering from a “socio-pathic personality disturbance, antisocial reaction,” and, from the standpoint of what would be best for the appellant, they thought that he could benefit the most by receiving psychiatric treatment as an out-patient.
Two of the psychiatrists testified, however, that there had been no improvement in his condition, that if he were confronted with a similar situation he would be likely to again react in the same violent manner which resulted in the crime for which he was tried, and that he should not be released from the hospital. The other three psychiatrists thought that the appellant should be released to the care of his parents, who also testified.
One of the psychiatrists testified that if the appellant remained in the hospital it would be beneficial to him to not be confined in the maximum security section, however, this point was not pursued at the hearing or raised on appeal.
The evidence in this case was conflicting, presenting a close question, and we have studied the testimony extensively. The find *490 ing of the trial judge that the appellant is still manifestly dangerous is supported by substantial competent evidence, and therefore must be affirmed.
Affirmed.
WHITE and ANDREWS, JJ., concur.