Marvin F. COLLINS, Petitioner-Appellant,

v.

Dr. J. B. O'CONNOR, and Dr. James Bax, Head of Florida State Hospital, Chattahoochee, Florida, Respondents-Appellees.

No. 29757
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1970.

Marvin F. Collins, pro se, appellant.

Earl Faircloth, Atty. Gen., Horace A. Knowlton, III, Thomas B. Calhoun, Asst. Attys. Gen., Tallahassee, Fla., for appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This is the appeal of an involuntary patient in the Florida State Hospital at Chattahoochee, Florida following the district court's denial of his habeas corpus petition. We affirm.

Relief was denied on grounds that this was a successive similar petition;[1] the previous proceeding bears number TCA 1532 on the district court's docket.

The appellant has contended both in the case *sub judice* and in TCA 1532 that (1) he was committed to the hospital without having had a sanity hearing; and (2) he is being held unlawfully because he was extradited from Georgia on the basis of a charge of auto theft whereas he was tried in Florida on a worthless check charge.

In TCA 1532 the district court ordered a response to be filed by the hospital, which also filed copies of court records and a recent psychiatric report relative to the appellant.

These records show that the appellant, represented by counsel, pled not guilty

---

* █ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. 28 U.S.C. § 2244.

by reason of insanity, to the worthless check charge. On the basis of psychiatric testimony at the trial, the court, sitting without a jury, found the appellant not guilty by reason of insanity. As authorized by the provisions of F.S.A. § 919.11 relative to such verdicts, the court on March 26, 1969 ordered the appellant committed to the hospital for care and treatment. The transcript of the psychiatric testimony and the order committing the appellant are in the record of TCA 1532, which is filed as an exhibit herein.

In TCA 1532, the district court held further that the circumstances of the appellant's extradition did not constitute grounds for habeas relief. We agree with this ruling for reasons which we have more fully stated in the appellant's other case lately pending here, Collins v. State of Florida, 5th Cir. 1970, 432 F.2d 60. There we also pointed out that the appellant has an available remedy in the Florida state courts to test the legality of his present detention in the hospital. We find no error in the district court's denial of habeas corpus relief in the case *sub judice*.

Concerning appellant's complaint that he is being denied full access to his monies and other property by the hospital, the district court held as follows:

"* * * Necessarily consonant with these findings of legal commitment is the additional finding that the authorities in charge at the hospital may properly supervise the handling and disbursement of monies of those legally committed to the institution as those authorities are in the nature of de facto guardians of those persons confined thereto. See Chapter 394 of Florida Statutes, Sections 394.05 and 394.22(1) [F.S.A.]."

We find no error in the judgment of the district court, which accordingly is hereby affirmed.

Affirmed.

2. Disposed of pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within time fixed by Rule

31, F.R.A.P., Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.