**Marvin F. COLLINS, Petitioner-Appellant,**

v.

**STATE OF FLORIDA, Dr. J. B. O'Connor, et al., Respondents-Appellees.**

**No. 29759.**

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1970.

to file the petitions in forma pauperis [1] but subsequently granted such leave and denied the appellant relief on their merits *qua* habeas corpus petitions. By further order the court granted a certificate of probable cause [2] and this appeal followed. We affirm.[3]

Our perusal of the petitions shows that one is in the nature of a Civil Rights [4] action, since it prays for $100,000 damages for alleged theft of a government check owned by the appellant. In this action the appellant also complains of unlawful extradition from Georgia to Florida, but he does not name as a defendant anyone who could have been responsible for that. Appellant names as defendants therein the State of Florida [5] and the superintendent and two employees of the hospital.

As to the alleged theft of the government check, while giving rise to a possible theft of property claim, there is nevertheless no basis for a civil rights action under § 1983. Brown v. Wainwright, 5 Cir. 1969, 419 F.2d 1308; Urbano v. Calissi, 3 Cir. 1967, 384 F.2d 909, cert. den. 391 U.S. 925, 88 S.Ct. 1824, 20 L.Ed.2d 664. Accordingly, denial of relief relative to this action was appropriate.

The appellant's other styled "civil action" prays both for money damages and for the district court to either "grant him a jury trial or turn him loose at once." Therein the appellant specifically complained that he had been illegally extradited and named as defendants the governors of Florida and Georgia, the Attorney General of Florida, a district attorney and two sheriffs.

In the order denying relief on the merits of the petitions, the district court

Marvin F. Collins, pro se.

Earl Faircloth, Atty. Gen., Horace A. Knowlton, III, Asst. Atty. Gen., Tallahassee, Fla., for appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Marvin F. Collins, an involuntary patient in the Florida State Hospital at Chattahoochee, Florida, has appealed from the district court's denial of relief on his two petitions styled "civil actions". That court first denied leave

---

1. 28 U.S.C. § 1915.

2. 28 U.S.C. § 2253; Rule 22(b), F.R.A.P.

3. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

4. 42 U.S.C. § 1983.

5. The state is not a proper party defendant in an action under § 1983. Fear v. Commonwealth, 3rd Cir. 1969, 413 F.2d 88; Deane Hill Country Club, Inc. v. City of Knoxville, 6th Cir. 1967, 379 F.2d 321, cert. denied 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467.

held that they are successive petitions for similar relief, such as are proscribed by the provision of 28 U.S.C. § 2244. The court referred to its decision of February 10, 1970, in its cause numbered TCA 1532,[6] the record of which has been filed as an exhibit in the instant appeal.

In TCA 1532 the district court issued a show cause order to the Florida State Hospital. The hospital filed several exhibits, including an order of the appellant's state trial court committing him to the hospital after a verdict of not guilty by reason of insanity upon trial for obtaining property by means of a worthless check.

There the district court held that there was no merit to appellant's contention that he was entitled to habeas relief on grounds of illegal extradition, stating as follows:

"  *   *   *   The general rule is that a fugitive from justice, surrendered by one state on the demand of another, is not protected from prosecution for offenses other than that for which he was surrendered, but may be tried for any crimes committed in the demanding state either before or after extradition without having been given an opportunity to leave the state. 35 C. J.S. Extradition § 21 (1960)."

See also Frisbie v. Collins, 1952, 342 U. S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

■ The appellant has not suggested that the auto theft charge was false or was fraudulently concocted merely to obtain his extradition to Florida. We have discovered no valid grounds for either habeas relief or damages for Civil Rights violation alleged in this petition.

■ Appellant also indicates that he considers that the hospital is wrongfully holding him, because he is not presently insane. The district court in TCA 1532 expressly rejected that contention on the basis of psychiatric reports filed with the response. The appellant has not squarely presented such a contention in the petitions before us on this appeal. We note in passing, however, that there is an available state remedy: a motion for discharge from the hospital filed in the appellant's trial court alleging that he is not now "manifestly dangerous to the peace and safety of the people." [7] Oksten v. State, Fla.App.1965, 173 So.2d 489; see State ex rel. Risatti v. Eaton, Fla.App.1964, 161 So.2d 549.

We find no reversible error in the judgment of the district court denying the appellant's claims for relief. Accordingly, we affirm its judgment.

Affirmed.

---

6. See Collins v. O'Connor et al., 5 Cir. 1970, 431 F.2d 427. Habeas corpus appeal denied pursuant to 28 U.S.C. § 2244 (TCA 1532).

7. F.S.A. § 919.11.