Cora P. WALKER et al., Plaintiffs,

v.

COLUMBIA UNIVERSITY et al., Defendants.

No. 73 Civ. 2687–LFM.

United States District Court, S. D. New York.

Dec. 26, 1973.

Bellamy, Goodman, Kelly & Ross, New York City (Janice Goodman, New York City, of counsel), and Lefcourt, Kraft & Libow, New York City, for plaintiffs.

Thacher, Proffitt & Wood, New York City, for defendant Columbia University.

O'Donnell & Schwartz, New York City, for defendant Transport Workers Union of America, AFL–CIO.

## MEMORANDUM

MacMAHON, District Judge.

Defendants move, pursuant to Civil Rule 11A(d) of this court and Rule 23(c), Fed.R.Civ.P., to dismiss this action as a class action. Plaintiffs cross-move for a class action determination.

Local Civil Rule 11A(c) requires a plaintiff in a class action to move "within sixty (60) days after the filing of a pleading asserting a claim for or against a class . . . for a determination under Fed.R.Civ.P. 23(c)(1) as to whether the action is to be maintained as a class action. . . ." The complaint in this action was filed June 15, 1973, but plaintiffs did not move for a class action determination until September 13, 1973, over four weeks after their time to so move had expired.

 Plaintiffs concede that their motion is untimely but assert that defendants have not been prejudiced by the delay. The public business of the court, however, has been hampered and delayed. The purpose of Rule 11A(c) and (d) is to prevent the parties in a class action from impeding the course and progress of the litigation by failing to move for a class action determination. Since the action cannot go forward until it has been determined to be a class action, it is important that a determination occur early in the litigation, as mandated by Rule 11A(c) and by Rule 23(c)(1).[*] Plaintiffs have not offered a valid excuse for their failure to make a timely motion. Nor have they demonstrated any reason why we should not dismiss this action as a class action.

 Furthermore, the failure of plaintiffs' attorneys to make a timely motion, despite the clear and unambiguous language of the rule, leads us to the conclusion that they will not "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4), Fed.R.Civ.P. Therefore, this action may not be maintained as a class action.

---

[*] Rule 23(c)(1) provides, in part: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." See, Wolfson v. Solomon, 54 F.R.D. 584, 589–590 (S.D.N.Y.1972); Berman v. Narragansett Racing Ass'n, 48 F.R.D. 333, 336 (D.R.I.1969); Philadelphia Elec. Co. v Anaconda American Brass Co., 42 F.R.D. 324, 326 (E.D.Pa.1967).

Herbst v. Able, 45 F.R.D. 451, 453 (S. D.N.Y.1968).

Accordingly, defendants' motion to dismiss this action as a class action is granted, and plaintiffs' motion for a class action determination is denied.

So ordered.