George and Larry "CHILD" et al., Plaintiffs,

v.

Abraham BEAME, Individually and as Mayor of the City of New York, et al., Defendants.

No. 75 Civ. 336.

United States District Court, S. D. New York.

Aug. 13, 1976.

Marcia Robinson Lowry, Children's Rights Project, New York Civil Liberties Union, New York City, for plaintiffs.

Kenneth Harfenist, New York City, for defendant Paul.

Davis, Polk & Wardwell, New York City, for or of counsel to defendants Francine, Barlow, Matthews, O'Neill, White, McCormack, Foster, Gaynor, Breen, Chillion, Howard, James, Chrysostom, Fogarty, Rutnik, McMahon, Trager, Meaney, Olivia, Harris and John; Thomas J. Aquilino, Jr., New York City, of counsel.

Cullen & Dykman, Brooklyn, N. Y., for defendant Lyman; Hugh M. Turk, Brooklyn, N. Y., of counsel.

Feder, Kaszovitz & Weber, New York City, for defendant Kaufman; Marcel Weber, New York City, of counsel.

Frederick H. Block and Michael Weiner, New York City, for defendant Zucker; Frederick H. Block, New York City, of counsel.

Emmet, Marvin & Martin, New York City, for defendant Coates; Lawrence B. Thompson, New York City, of counsel.

Bodell & Magovern, P. C., New York City, for defendants Bennington, Trobe, Kelly, Morrison, DeMartino, Hawthorne, Snow, Sheridan, Paul and Quinn; David H. Berman, New York City, of counsel.

David W. Plant, Jesse J. Jenner, New York City, for defendant Kane; Jesse J. Jenner, New York City, of counsel.

Robinson, Silverman, Pearce, Aronsohn, Sand & Berman, New York City, for defendant Goldsmith; Floran L. Fink, New York City, of counsel.

Humes, Andrews, Botzow & Wagner, New York City, for defendants Gaskill and Winterrowd; Justin E. Hoy, Jr., New York City, of counsel.

Seward & Kissel, New York City, for defendant Ross; Margaret DuB. Avery, New York City, of counsel.

Satterlee & Stephens, New York City, for defendant Gutheil; John T. Schmidt, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Pancost; J. Peter Coll, Jr., New York City, of counsel..

## OPINION

EDWARD WEINFELD, District Judge.

This action was originally commenced by five children between the ages of 11 and 14 who, suing on their own behalf and on behalf of all others similarly situated, charged State and City officials, and the directors and administrators of virtually every Catholic, Protestant, Jewish and non-sectarian child-care facility in the Greater New York Metropolitan Area with violations of plaintiffs' constitutional and statutory rights. The essence of the claim was that the defendants deliberately engaged in the practice of keeping plaintiffs and members of their class in temporary foster care settings for their entire childhoods by failing vigorously to seek out available adoptive parents for them. The relief sought was a declaratory judgment and injunction against the alleged practice and compensatory and punitive damages against the defendants. This Court dismissed all claims except the constitutional claim brought on behalf of the alleged subclass of non-white children alleging denial of their right to equal protection of the laws and the statutory claim under § 2000d of sub-chapter V of the Civil Rights Act.[1]

Thereafter, this Court denied a motion for class action certification previously made by the five named plaintiffs, who are non-white and who are in the care of defendant Abbott House. Virtually all the child-care agency defendants (other than Abbott House) then moved to dismiss the five plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Fed.R.Civ.Pro. for failure to state a claim.

Upon the face of the complaint, it appears that the plaintiffs' claims necessarily are predicated upon the alleged acts and conduct of the defendant Abbott House and that since these plaintiffs are strangers to and have never been under the care or supervision of the movant-defendants, the defendants' motions should be granted. However, plaintiffs' attorney, seeking to avoid dismissal, argues that Abbott House's actions were "necessarily affected and reinforced" by the actions and policies of the movants, even though the latter had no direct relationship or contact with the five plaintiffs. Further, it is urged that all defendants participated in meetings and conferences at which discriminatory policies were adopted and that all defendants engaged in a common practice of carrying out these policies. Accordingly, it is contended that such actions by defendants other than Abbott House are sufficiently related to the alleged denial of plaintiffs' constitutional and statutory rights so as to require denial of the motion to dismiss the complaint.

Were we to accept these attenuated theories of causation and conspiracy, plaintiffs would in effect be allowed to pursue the class action already denied them. Whether plaintiffs' opposition to the motions to dismiss seeks to circumvent our previous denial of class action certification, however, is not important to our decision. Rather, we are required to grant the motions because the amended complaint, however liberally read, does not assert the existence of a conspiracy and fails to allege, as indeed it cannot, that the movants have been personally and directly involved in any denial of the plaintiffs' rights.

■ The amended complaint contains no specific allegations of any direct contacts between the movants and the plaintiffs. When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed. *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). Admittedly, the plaintiffs' amended complaint does contain some very broad allegations that all defendants "meet, consult and confer regularly" to formulate

---

1. 412 F.Supp. 593 (S.D.N.Y.1976).

discriminatory adoption placement policies and that they act "individually and in concert" to carry those policies out. However, such conclusory allegations are clearly insufficient to charge the defendants with a conspiracy to violate the individual rights of each named plaintiff. As the Court of Appeals has held, to allege such a conspiracy a plaintiff "must set forth facts showing some intentional and purposeful deprivation of constitutional rights." *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964). Nowhere in the amended complaint is it alleged that the movants actually conspired or did so with the requisite purpose.[2] Nor is there any allegation that the movants have engaged in any overt act or conduct to aid, abet or assist Abbott House in furthering its alleged discrimination against the plaintiffs. Indeed, the complaint was obviously drafted with an eye towards litigating this suit as a class action, and it fails altogether to bring its vague allegations of a widespread "pattern" of discrimination to earth by postulating concrete agreements or understandings between specific defendants to deprive these plaintiffs of their rights. Thus, the complaint also fails adequately to notify the movants of any cause of action that plaintiffs might have against them.

■ Nor can the motions to dismiss be denied because the movants may have indirectly participated in the alleged deprivation of plaintiffs' rights by helping to formulate allegedly discriminatory policies. On the contrary, a particular defendant must have directly and personally participated in the denial of constitutional rights

before he can be held liable for violating the Civil Rights Act.[3]

The motions to dismiss the complaint against the moving defendants are accordingly granted.

---

2. Paragraph 5 of the amended complaint does allege that the defendant administrators of child-care agencies "willfully and knowingly [violated the plaintiffs'] constitutional and federal statutory rights by engaging in a custom, pattern and practice of failing and refusing to take the steps necessary to seek and secure adoptive homes for non-white children because of their race," but—since the action is now limited to the individual claims of the five named plaintiffs—this allegation can only be read to refer to those defendants that had actual dealings with those plaintiffs, and would not

relate to any defendant's conspiratorial purpose.

3. *Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir. 1974); *Johnson v. Glick,* 481 F.2d 1028, 1033–34 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973); *Manfredonia v. Barry,* 401 F.Supp. 762, 770 (E.D.N.Y. 1975); *Needleman v. Bohlen,* 386 F.Supp. 741 (D.Mass.1974); *Mukmuk v. Commissioner of Dep't Correctional Services,* 369 F.Supp. 245 (S.D.N.Y.1974); *Lathan v. Oswald,* 359 F.Supp. 85, 88–89 (S.D.N.Y.1973).