FOX VALLEY REPRODUCTIVE
HEALTH CARE CENTER,
INC., Plaintiff,

v.

John ARFT, Clyde Coenen, John Stevens,
Leslie Woldt and Herbert
Ziegler, Defendants.

No. 78-C-28.

United States District Court,
E. D. Wisconsin.

July 20, 1978.

Herrling, Swain, Drengler & McCanna by Robert W. Swain, Jr., Appleton, Wis., for plaintiff.

Herrling, Clark, Hartzheim & Siddall by Roger W. Clark, Appleton, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have filed various motions to dismiss and a motion to strike a portion of the pleadings. I have determined on the present record that all but one of these motions should be denied.

The plaintiff corporation provides first trimester abortions and other maternal care in the Town of Grand Chute. The defendants are the members of the town board and the town board of health, the town clerk and the town health officer. The plaintiff seeks declaratory, injunctive and monetary relief pursuant to 42 U.S.C. § 1983. It claims that there is an unconstitutional restriction imposed on the operation of the plaintiff's clinic by the town board's promulgation of chapter 22 of the ordinances of the Town of Grand Chute. On March 8, 1978, I granted the plaintiff's motion for a preliminary injunction enjoining the enforcement of chapter 22. 446 F.Supp. 1072. The defendants' present motions seek dismissal of the action against them on several grounds.

The complaint alleges that the defendants

". . . have engaged in legislating and implementing legislation, with full knowledge of the constitutional prohibitions against regulations infringing on the fundamental right involved in the abortion decision in the first trimester of pregnancy."

The defendant Leslie Woldt, a member of the board of health also serving as the town clerk, and the defendant Herbert Ziegler, a member of the board of health also serving as the town health officer, urge that they must be dismissed because they are not members of the town board and thus did not and could not participate in the passage of chapter 22. The plaintiff acknowledges that neither Mr. Woldt nor Mr. Ziegler is a member of the town board and "any allegation to the contrary in its pleadings is in error and will be corrected."

However, the plaintiff explains on the basis of affidavits submitted by it in support of the motion for a preliminary injunction that the acts for which Messrs. Woldt and Ziegler are claimed to be liable were performed by them as members of the board of health. The board of health, at the direction of the town board, held a meeting on October 10, 1977, at which the board of health adopted a resolution opposing the establishment of an abortion clinic. At the town board meeting held on October 18, 1977, the resolution of the board of health was adopted by the town board and, it is argued, formed the basis for chapter 22.

■ In my opinion, the plaintiff's claim against Mr. Woldt and Mr. Ziegler must be dismissed insofar as damages are sought against them. There are no allegations that either of them took any act which subjected the plaintiff to the deprivation of which it complains—the promulgation of chapter 22. The apparent theory of the plaintiff for imposing liability on Mr. Woldt and Mr. Ziegler is that they are partially responsible for the legislation because they voted for the resolution upon which the legislation was based. However, the resolution itself did not subject the plaintiff to any deprivation or damage, and the plaintiff does not so claim.

■ No monetary liability can be imposed on Messrs. Woldt or Ziegler. However, the claim for injunctive relief, if meritorious, may require an injunction which runs against these defendants since they are required to perform functions under chapter 22. Thus, they must remain in the action for purposes of injunctive and declaratory relief. The parties have referred to affidavits in explaining their positions on this issue. Therefore, pursuant to Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss the action against Mr. Woldt and Mr. Ziegler will be treated as a motion for summary judgment, and the claim for damages against them will be dismissed on that basis.

The defendants also seek dismissal of the action against them as individuals because the complaint alleges that they acted only in their official capacities as legislators rather than as individuals. This argument misconceives the nature of the distinction between individual and official capacities in this case.

■ The defendants are sued in their official capacities because an injunction should be directed at them in such capacities. As individuals they lack the power to take official action. However, liability for damages under § 1983 is a personal liability of the individual defendants. *Collins v. Schoonfield*, 363 F.Supp. 1152, 1156 (D.Md. 1973). Presumably, it is for this reason that the defendants are sued both as individuals and in their official capacities, not because some of their actions are taken while acting as a legislative body and other actions are taken as individuals acting under color of law.

The defendants next argue that they have legislative immunity from liability for actions taken in good faith and within "what they believe to be their regulatory powers in this vague area of the law. . . ." The plaintiff contends that the defendants may only partake of a *qualified* immunity and that the prospects of their successful use of the qualified immunity defense may not be resolved on the present motion to dismiss.

■ The legislative immunity accorded to elected state legislators in *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), is absolute. However, the immunity available to municipal officials in connection with their legislative activities has been held to be a qualified immunity. See *Nelson v. Knox*, 256 F.2d 312 (6th Cir. 1958); *American Civil Liberties Union v. City of Chicago*, 431 F.Supp. 25 (N.D.Ill.1976); *Ka-Haar, Inc. v. Huck*, 345 F.Supp. 54 (E.D.Wis.1972). Unconstitutional conduct undertaken by a public official maliciously or with knowledge that the constitutional rights of another will be deprived thereby is not protected by the doctrine of qualified immunity. *Butz v. Economou*, —— U.S. ——, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Ware v. Heyne*, 575 F.2d 593 (7th Cir. 1978).

■ The complaint alleges that chapter 22 was enacted by the town board with full knowledge of its unconstitutionality. Taking this allegation as true and with all favorable inferences in the plaintiff's favor, I believe that the plaintiff has stated a claim against the defendants upon which relief may be granted. *Illinois Migrant Council v. Campbell Soup Co.*, 519 F.2d 391 (7th Cir. 1975). I am unable on the present record to conclude that the defendants are entitled to immunity.

The defendants' motion to strike is addressed to the complaint's demand for punitive damages. The defendants do not claim that punitive damages are unavailable but rather that the complaint fails to allege conduct by the defendants that would support an award of punitive damages. The defendants characterize the complaint's allegations as averring conduct taken in good faith rather than conduct motivated by malice.

I disagree. The complaint alleges that the defendants enacted chapter 22 "with full knowledge" that the plaintiff's constitutional rights would be deprived thereby. Although the plaintiff will have a burden of proof to meet at trial, I am unable to find that punitive damages are unavailable on the present record. See *Hughes v. Dyer*, 378 F.Supp. 1305 (W.D.Mo. 1974).

Finally, the defendants argue that this action is not ripe because the plaintiff has failed to attempt to comply with the provisions of chapter 22 by filing the required application for licensing and by complying with local zoning and building codes. I find this argument unimpressive. The essence of the plaintiff's claim is that chapter 22 is constitutionally impermissible regulation and that it is unenforceable. If the regulations are unenforceable, as the plaintiff claims, I do not believe that a concrete controversy is lacking merely because the plaintiff has not complied with the regulations. With respect to the failure to comply with the local zoning or building requirements, as I stated on the motion for a preliminary injunction, the plaintiff may be able to show that the zoning and building code requirements "are actually disguised attempts improperly to regulate or proscribe abortion procedures." 446 F.Supp. 1072, 1075. I therefore reject the argument that the plaintiff's claim is not ripe.

## CONCLUSION

For all of the above reasons, I conclude that the defendants' motion to strike and their motions to dismiss must be denied with the exception of the motion of the defendants Woldt and Ziegler. As to them, summary judgment will be granted dismissing the plaintiff's claims for compensatory and punitive damages.

Therefore, IT IS ORDERED that the defendants' motions to dismiss be and hereby are denied, except that the motion of the defendants Woldt and Ziegler to dismiss, treated as a motion for summary judgment, will be granted as to the claim for compensatory and punitive damages.

IT IS ALSO ORDERED that the motion to strike a portion of the pleadings be and hereby is denied.