Thomas W. CARROLL, Craig J. Rucker, Robert J. Carroll, Edward Jiminez, Emanuel J. Panos, Beth M. Turkovic, Edward J. Priola, and Robert B. Christian, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Donald M. BLINKEN, in his capacity as Chairman of the Board of Trustees of the State University of New York, George L. Collins, Jr., Robert R. Douglass, Judith Lasher Duken, Arnold B. Gardner, John L.S. Holloman, Jr., Nan Johnson, Judith Davidson Moyers, Edward V. Mele, Mrs. Edward Siegel, Jeanne C. Thayer, James M. Tierney, Thomas Van Arsdale, and Darwin R. Wales, in their respective capacities as trustees of the State University of New York, Vincent O'Leary, Clifford D. Clark, John H. Marburger, III, D. Bruce Johnstone, James M. Clark, Dallas K. Beal, and Alice Chandler, in his or her capacity as President and chief administrative officer of, respectively, the State University of New York at Albany, the State University of New York, at Binghamton, the State University of New York at Stony Brook, the State University College at Buffalo, the State University College at Cortland, the State University College at Fredonia, the State University College at New Paltz, and New York Public Interest Research Group, Inc., Defendants.

No. 83 Civ. 1272 (LFM).

United States District Court, S.D. New York.

Sept. 19, 1983.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendants; Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., Stanley A. Camhi and Andrea Green, Asst. Attys. Gen., New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant N.Y. Public Interest Research Group, Inc.; Alexander R. Sussman and Marla G. Simpson, New York City, of counsel.

Mid-Atlantic Legal Foundation, Inc., New York City, for plaintiffs; John G. Collins, New York City, of counsel.

OPINION and ORDER

MacMAHON, District Judge.

These are motions by defendants to dismiss this action as a class action and a cross-motion by plaintiffs to certify it as a class action under Rule 23, Fed.R.Civ.P.

Defendants oppose plaintiffs' motion on the ground that it was not filed in timely fashion, as required by Civil Rule 4(c), and that, in any event, the proposed class fails to meet the requirements of Rule 23.

Local Civil Rule 4(c) provides that a plaintiff must move for class certification within 60 days after the filing of the complaint. Plaintiffs filed their complaint on February 17, 1983 but did not move for certification until May 27, missing the time limit by approximately four weeks. Defendants, therefore, urge us to deny class certification on this basis.

■ Rule 4(c) is discretionary. It allows, but does not require, the court to dismiss the action as a class action when the party seeking class certification does not meet the filing deadline. Plaintiffs argue that, in general, a delay of this nature has not resulted in dismissal of the case as a class action and cite a number of cases in support of that position. *E.g., Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 101 (S.D.N.Y.1981); *Sanders v. Lum's Inc.,* 76 F.R.D. 1, 2–3 (S.D.N.Y.1976); *Gilinsky v. Columbia University,* 62 F.R.D. 178, 179 (S.D.N.Y.1974); *Feder v. Harrington,* 52 F.R.D. 178, 181–182 (S.D.N.Y.1970). Defendants rely on *Walker v. Columbia University,* 62 F.R.D. 63 (S.D.N.Y.1973). There, plaintiffs did not move for class certification determination until just over four weeks after the 60 days had expired. We dismissed the action as a class action as a result of that failure.

■ In the instant case, there appears to be no justification for the four-week delay on the part of plaintiffs' counsel. In fact, it was only after defendants filed their motions to dismiss as a class action that plaintiffs even made the required motion to certify the class.

Plaintiffs refer to delays experienced while trying to serve the various defendants, but these delays did not prevent plaintiffs from filing the class certification motion for over 90 days from the filing of the complaint. Defendants actually waited close to four weeks after the expiration of the 60-day period before moving for a denial of class certification. Plaintiffs' counsel also cite personal reasons which they assert contributed to their delay. They admit, however, that these reasons did not necessitate significant absences from their work.

In short, we conclude that the failure of plaintiffs' counsel to file the motion within 60 days under these circumstances requires us to dismiss the action as a class action. Civil Rule 4(c) is designed to avoid precisely this kind of delay in class action litigation.

Accordingly, defendants' motions to dismiss this action as a class action are granted, and plaintiffs' cross-motion for class certification is denied.

So ordered.