Thomas W. CARROLL, Craig J. Rucker, Robert J. Carroll, Edward Jiminez, Emanuel J. Panos, Beth M. Turkovic, Edward J. Priola, and Robert B. Christian, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Donald M. BLINKEN, in his capacity as Chairman of the Board of Trustees of the State University of New York, George L. Collins, Jr., Robert R. Douglass, Judith Lasher Duken, Arnold B. Gardner, John L.S. Holloman, Jr., Nan Johnson, Judith Davidson Moyers, Edward V. Mele, Mrs. Edward Siegel, Jeanne C. Thayer, James M. Tierney, Thomas Van Arsdale, and Darwin R. Wales, in their respective capacities as trustees of the State University of New York, Vincent O'Leary, Clifford D. Clark, John H. Marburger, III, D. Bruce Johnstone, James M. Clark, Dallas K. Beal, and Alice Chandler, in his or her capacity as President and chief administrative officer of, respectively, the State University of New York at Albany, the State University of New York, at Binghamton, the State University of New York at Stony Brook, the State University College at Buffalo, the State University College at Cortland, the State University College at Fredonia, the State University College at New Paltz, and New York Public Interest Research Group, Inc., Defendants.

No. 83 Civ. 1272 (LFM).

United States District Court, S.D. New York.

Dec. 21, 1983.

Robert Abrams, Atty. Gen. of State of New York, New York City, for State defendants; Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., Stanley A. Camhi and Andrea Green, Asst. Attys. Gen., New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant New York Public Interest Research Group, Inc.; Alexander R. Sussman, New York City, of counsel.

Mid-Atlantic Legal Foundation, Inc., New York City, for plaintiffs; John G. Collins, New York City, of counsel.

OPINION and ORDER

MacMAHON, District Judge.

Defendants Johnstone, Marburger, Beal and James Clark move for dismissal, pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Plaintiffs allege that defendants have violated their constitutional rights by allowing portions of mandatory student activity fees collected at various SUNY campuses to be dispersed to the New York Public Interest Research Group ("NYPIRG"). These plaintiffs, past and present students at three SUNY colleges, are opposed to NYPIRG and the political and idealogical viewpoints it represents. They claim that use of their student fees in this manner is unconstitutional.

Movants are presidents of four of the seven SUNY colleges which, according to plaintiffs, have been unlawfully involved in the dispersal of the student activity fees to NYPIRG. Earlier, we denied plaintiffs' motion for certification of a class consisting of all SUNY students. 99 F.R.D. 166. Movants, therefore, argue that only the presidents of the schools actually attended by the named plaintiffs can remain in the case, and since the named plaintiffs have never attended the four colleges represented by these defendants, the complaint should be dismissed as to them. Movants also argue that plaintiffs do not have standing to assert the claims against them.

In opposition, plaintiffs contend that they are challenging a practice of the SUNY system as a whole, and that we must treat these defendants as part of a group of SUNY administrators who have deprived plaintiffs of their rights. They also argue that their allegations of a conspiracy including these four defendants require denial of the motion.

We are not persuaded by plaintiffs. Their arguments that they are challenging a system-wide practice within SUNY distorts the nature of their claims as we perceive them. Under Section 355 of the New York Education Law, the board of trustees is given authority to regulate tuition and fees within the SUNY system. Pursuant

to that authority, the board promulgated regulations which established the procedure by which student activity fees are collected and distributed by each institution's representative student organization. *N.Y.Admin.Code* tit. 8, § 302.14 (1967). The regulations call for a referendum by which the students at each school determine whether the student activity programs will be funded by voluntary or mandatory fees. The student organization must then disperse the funds in a manner consistent with the regulations. Plaintiffs' claim is that the dispersal of student activity fees to NYPIRG violates their rights. We do not perceive the claim to be a challenge to the statute authorizing the board of trustees to regulate tuition and fees, or to the regulations themselves. In short, it is the actual dispersal of funds which is the basis of this lawsuit, and this dispersal is determined independently at the individual colleges.

The president of each college must approve the allocation of funds recommended by the student organization. It is in this role that the presidents have allegedly acted to deprive plaintiffs of their rights. It is clear that the president of a college which none of the plaintiffs has ever attended does nothing to deprive any of the plaintiffs of constitutional rights when he approves an allocation to NYPIRG, or for that matter, to any other organization. *See Child v. Beame*, 417 F.Supp. 1023 (S.D. N.Y.1976). No plaintiff in this case has been damaged by decisions made at SUNY schools which he does not and has not attended. In light of our denial of class certification, we therefore conclude that plaintiffs have failed to state a claim *against these defendants* upon which relief can be granted.

We also note that plaintiffs' conspiracy claim, if sufficiently pleaded, would require us to deny defendants' motion. The conclusory allegations in ¶¶ 48–57 of the complaint, however, do not meet the specificity requirement for pleading conspiracy claims in civil rights cases. *Powell v. Workmen's Compensation Board*, 327 F.2d 131 (2d Cir.1964). *See Child v. Beame, supra*, 417 F.Supp. at 1025–26.

Plaintiffs also attach significance to the fact that they seek only injunctive relief against these defendants, and not money damages. In this context, they rely on *Fox Valley Reproductive Health Care Center, Inc. v. Arft*, 454 F.Supp. 784 (E.D.Wisc. 1978). In that case, plaintiffs were challenging a town ordinance regulating abortion. The court dismissed the claims against certain defendants for money damages but refused to dismiss the claim for injunctive relief because the two defendants were "required to perform functions" under the disputed ordinance. *Id.* at 786. In our case, however, plaintiffs are not challenging the statute or regulations themselves, and movants do not necessarily violate plaintiffs' rights merely by acting pursuant to them.

Although we need not specifically address defendants' standing argument, we note that plaintiffs originally envisioned this suit as a class action. Having been denied class action status, the named plaintiffs may now assert only their own rights, and not those of other students in the SUNY system. Under established standing doctrine, a plaintiff generally may not assert the rights of others. *See Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1974).

Accordingly, the motion to dismiss made by defendants Johnstone, Marburger, Beal and James Clark is granted.

So ordered.