Richard A. WEINBERG, Maciej Kopacz, Jaewook Kim, as Partners of Weinberg, Kopacz & Kim; E. Ronn Heiner, Alan Pierrot, Donald Huene, Barbara Noyes, as Partners of Heiner & Pierrott; Raymond Schwartz, Richard Wheatley, Sathaporn Vathayanon, as Partners of Schwartz, Wheatley, Vathayanon, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

LEAR FAN CORPORATION (a Nevada corporation); Lear Fan Ltd. (an English Limited Company); Lear Fan Corp. (US) (a Delaware corporation); Learavia (a Delaware corporation); Oppenheimer & Co. (a Delaware corporation); Zoysia Corporation, N.V. (a Netherlands Antilles corporation); Fan Holdings Inc. (a Delaware corporation); Samuel H. Auld, William W. Surbey, Moya Olsen Lear, Bob Burch and Prince Sultan Bin Salman Bin Abdul Aziz, Defendants.

No. 84 Civ. 1689 (EW).

United States District Court,
S.D. New York.

July 6, 1984.

Avrom S. Fischer, Brooklyn, N.Y., Sharon Green, Inc., San Francisco, Cal., for plaintiffs.

Schulte Roth & Zabel, New York City, for defendant Oppenheimer & Co. Inc.; David M. Brodsky, E. Scott Gilbert, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendants Lear Fan Corp., Lear Fan Ltd., Lear Fan Corp. (US), Learavia Corp., Fan Holdings, Inc., William W. Surbey, Samuel H. Auld, Moya Olsen Lear, and Bob Burch; Scott W. Muller, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Defendants move to dismiss this action as a class action upon the ground that the named plaintiffs failed to move for class certification within sixty days after the filing of a pleading asserting a claim for a class, as is required by Local Civil Rule 4(c). The motion is denied.

Plaintiffs are three partnerships, and the ten individuals who comprise the partnerships, who invested in the Lear Fan Research Limited Partnership, which was formed in 1980 allegedly to finance research and development for a proposed business aircraft, the Lear Fan 2100. Plaintiffs filed this action in October 1983, in the Eastern District of California, charging that the private placement memorandum used in the sale of limited partnership interests contained material misrepresentations and omissions, in violation of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78q and 78aa, and the statutes prohibiting mail and wire fraud, 18 U.S.C. §§ 1341, 1343. Plaintiffs also charge that defendants' actions in connection with the sale of the limited partnership interests, and the subsequent revision of a royalty agreement affecting those interests, constituted a breach of fiduciary duty, fraud, a conspiracy to defraud, "interference with prospective advantage," and a violation of the federal anti-racketeering statute, 18 U.S.C. §§ 1961—1968. The complaint alleges that it is brought on behalf of 199 or more limited partners who had invested in the Lear Fan Research Limited Partnership.

In January 1984, defendants moved to transfer the action from the Eastern District of California to the Southern District of New York. That motion was granted upon the ground that venue was improperly laid as to some of the defendants for certain of the claims. The action was received by the Clerk of the Southern District, and docketed here, on March 9, 1984.

Local Civil Rule 4(c) and (d) states:

(c) Within sixty days after the filing of a pleading asserting a claim for or against a class, the party asserting that claim shall move for a determination under Rule 23(c)(1), Federal Rules of Civil Procedure, as to whether the action is to be maintained a class action and, if so, the membership of the class. . . .

(d) If the party asserting the claim for or against a class fails to make a timely motion under paragraph (c) of this rule, the opposing party shall move, within thirty days after expiration of the time allowed for such a motion, to dismiss the action as a class action. In ruling upon such a motion, the court may grant or deny it in the exercise of its informed discretion, may deny it, but award costs, expenses and counsel fees against the party seeking the maintenance of the

claim as a class action or said party's counsel, or may grant such other relief as may be appropriate in all the circumstances.

Defendants contend that the sixty-day period within which plaintiff should have moved to certify the class began to run on March 9, 1984, the date the action was docketed in this court. They assert that plaintiffs' failure to comply with the Local Rule should result in a dismissal of the action as a class action in order to vindicate the Rule's purpose, which is "to prevent the parties in a class action from impeding the course and progress of the litigation by failing to move for a class action determination."[1] Defendants also assert that plaintiffs' failure to move for class certification demonstrates that they are inadequate class representatives and will not "fairly and adequately protect the interests of the class."[2]

Plaintiffs admit that they erred in failing to file a class certification motion promptly after transfer of the action here,[3] but assert that the motion inadvertently "fell between the cracks" while New York counsel was being retained and becoming familiar with the action. The rules of the Eastern District of California do not require the filing of a class certification motion until after issue is joined in the action.[4] Plaintiffs' California counsel apparently relied upon that rule and failed to check the local rules of this Court. The New York counsel, aware that California counsel had advised defendants that plaintiffs would file an amended complaint, assumed that the California counsel had, at the same time, procured an extension of time in which to file the class certification motion until after the amended complaint was filed. Thus, neither counsel took steps to comply with the sixty-day requirement of Local Civil Rule 4.

■ Defendant points to several decisions in this District and elsewhere dismissing actions as class actions because plaintiff failed to timely move for class certification.[5] It does not appear that the plaintiffs' failure to abide by Local Civil Rule 4 was intentional; rather it was the result of inadvertence, or confusion about the need to seek class certification before an amended complaint was served. The Court is not convinced that dismissal is required. Plaintiffs already have notified each of the members of the proposed class that the action is pending as a proposed class action, and no prejudice to either the putative class or the defendants has been shown to have resulted from counsels' failure. Local Civil Rule 4(d) allows the Court to exercise discretion in excusing a breach of the rule, and the Court believes the interests of justice will not be served here by dismissing the action as a class action.[6]

1. *Walker v. Columbia Univ.*, 62 F.R.D. 63, 64 (S.D.N.Y.1973) (MacMahon, J.).

2. *See id.*

3. Plaintiffs initially argued that their time to file the class certification motion began to run anew upon the filing of their amended complaint on June 18, 1984. They cited no authority for that assertion, and appeared to abandon the contention at oral argument. Local Civil Rule 4(c) states that the motion for class certification is to be filed within 60 days after the filing of "*a pleading asserting a claim for or against a class*"; it does not provide that the 60-day period begins to run upon the filing of the last such pleading, *cf.* Fed.R.Civ.P. 38(b), or otherwise indicate that amended or supplemental pleadings extend the time for filing the class certification motion. However, for the purposes of this motion, it is not necessary to decide what effect the service of an amended pleading has on the 60-day requirement.

4. Civil Rule for the United States District Court for the Eastern District of California 124(c).

5. *See, e.g., Carroll v. Blinken*, 99 F.R.D. 166, 167 (S.D.N.Y.1983) (MacMahon, J.); *Eagle v. Koch*, 471 F.Supp. 175, 177 (S.D.N.Y.1979) (Sweet, J.); *Walker v. Columbia Univ.*, 62 F.R.D. 63, 64 (S.D.N.Y.1973) (MacMahon, J.); *accord Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C.Cir.1981), *vacated on other grounds*, 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982); *Coffin v. Secretary of Health, Education and Welfare*, 400 F.Supp. 953, 956 (D.D.C.1975).

6. *See Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 101 (S.D.N.Y.1981) (Edelstein, J.); *Sanders v. Lum's Inc.*, 76 F.R.D. 1, 2–3 (S.D.N.Y.1976) (Motley, J.); *Gilinsky v. Columbia Univ.*, 62 F.R.D. 178, 179 (S.D.N.Y.1974) (Lasker, J.); *Sheridan v. Liquor Salesmen's Union*, 60 F.R.D. 48, 51 (S.D.N.Y.1973) (Brient, J.).

Counsels' inattention to the class certification motion is a factor to be considered on the issue of whether the named plaintiffs will fairly and adequately represent the putative class.[7] Further, the action may not be maintainable as a class action for other reasons. Those issues are not properly before the Court now, however, and the Court will not short-circuit a full and fair hearing on class certification by summarily rejecting plaintiffs as class representatives merely because their attorneys were inadvertent in failing to abide by Local Civil Rule 4(c).

Defendants' motion to dismiss the action as a class action is denied. Plaintiffs should not have had to be reminded of their duties under Local Civil Rule 4, however, and are directed to pay $500 toward the expenses defendant incurred in making this motion.

SO ORDERED.

---

**7.** *See East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977); *Eagle v. Koch,* 471 F.Supp. 175, 177 (S.D.N.Y.1979); *Walker v. Columbia Univ.,* 62 F.R.D. 63, 64 (S.D.N.Y.1973).