Freddie DE JESUS, on behalf of himself and other New York Prisoners similarly situated, Merle Ratner and Elizabeth Koob, Plaintiffs,

v.

Benjamin WARD, Commissioner of the State of New York Department of Correctional Services, Jack Czarnetzky, Superintendent, Eastern New York Correctional Facility, Sgt. Westbrook, Officer Lothrop, Individually and in their official capacity as correctional officers at Eastern Correctional Facility, Defendants.

No. 76 Civ. 2690 (CHT).

United States District Court,
S. D. New York.

Nov. 22, 1977.

Emilio P. Gautier, Project Director, Bronx Legal Services, Corp. C., New York City, for plaintiffs (except Merle Ratner); Stephen M. Latimer, New York City, of counsel.

Merle Ratner, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of N. Y., New York City, for defendants; Kevin J. McKay, Deputy Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendants have moved this Court pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Rules") for an order dismissing the complaint on the grounds that this Court lacks jurisdiction over the subject matter of this case and that the complaint fails to state a claim upon which relief can be granted. Plaintiff De Jesus has moved for summary judgment pursuant to Rule 56 on his fourth claim, which alleges interference with his access to the courts. For the reasons set forth below, both defendants' and plaintiff's motions are denied in all respects.

The facts in this action arising under 42 U.S.C. § 1983 are alleged to be as follows. On February 14, 1976, Freddie De Jesus and German Quinones, inmates at Eastern Correctional Facility, received a legal visit from Elizabeth Koob and Merle Ratner. The two women were searched at the front gate area by Corrections Officer Robert McClay. After filling out the required visiting forms each woman passed through the metal detector. The guard looked into the bags of papers that each woman carried and also passed them through the metal detector. The visitors were then escorted to the visiting area.

The visit was terminated at 5:00 P.M., after three hours, and Koob and Ratner were escorted from the visiting area. As the prisoners began to leave the visiting room, Corrections Officer Lothrop noticed that De Jesus was carrying a stack of papers and questioned him about them. De Jesus responded that they were his legal work, and Lothrop requested to inspect the papers for contraband. When De Jesus refused to turn over the papers Lothrop summoned his superior, Sergeant Westbrook, and explained the situation to him. Westbrook ordered both prisoners to turn over their papers for a brief inspection for contraband, and when they refused his order, the papers were seized.

The inspection allegedly revealed that nonlegal pamphlets were contained inside the legal papers. Both inmates claimed that they brought the papers into the visiting room, but this was contradicted by the guard who claimed that the inmates received the pamphlets from one of the women visitors. Westbrook went to the front gate to question the visitors, and while he was gone De Jesus allegedly threatened Lothrop with lawsuits and verbally abused him.

As a result of this incident the inmates were charged with: (1) attempting to introduce contraband into the facility; (2) refusing a direct order from Corrections Offi-

cer Lothrop; and (3) refusing a direct order of Sergeant Westbrook. A Superintendent's Proceeding was held and plaintiff De Jesus was given thirty days keep-lock (confinement to his cell) for attempting to introduce contraband and disobeying the direct order of Lothrop. The third charge was dropped.[1]

A similar incident occurred on January 9, 1976 when materials were seized, as contraband, from De Jesus after a visit.

As a result of the above incidents, plaintiff De Jesus commenced a civil rights class action pursuant to 42 U.S.C. § 1983 alleging a deprivation of his first amendment right to read and possess legal and political literature and claiming that the papers were seized without due process of law and thus in violation of the requirement of the fourteenth amendment. Plaintiffs Ratner and Koob joined in the action, alleging that their first amendment rights were violated when they were not permitted to give reading material to the inmates. In addition, De Jesus claims that the punishment he received for possessing literature violated his first amendment rights and that he was denied his right to access to the courts, as guaranteed by the due process clause of the fourteenth amendment, when defendant Lothrop allegedly threatened to punish him if legal action was taken by the plaintiff. Plaintiffs seek damages as well as declaratory and injunctive relief.

 Defendants contend that the complaint should be dismissed for lack of subject matter jurisdiction since plaintiffs lack standing and since the case is not ripe for judicial review. Fed.R.Civ.P. 12(b)(1). The test for standing is whether the plaintiff has " 'such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *see Baker v. Carr,* 369 U.S. 186, 204–08, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). There can be no doubt that plaintiff De Jesus suffered an "injury in fact"

when his papers were confiscated as contraband. In addition, De Jesus was sentenced to thirty days in keep-lock as a result of the incident. Similarly, improper interference with an outsider's ability to communicate with a prisoner gives rise to a constitutionally cognizable injury. *See Procunier v. Martinez,* 416 U.S. 396, 408–09, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

Defendants correctly assert that this Court has authority to deal "not with the theoretical disputes but with concrete and specific issues raised by actual cases." *Allen Bradley v. Wisconsin Employment Relations Board,* 315 U.S. 740, 746, 62 S.Ct. 820, 824, 86 L.Ed. 1154 (1942). " 'Constitutional questions are not to be dealt with abstractly.' " *Id.; Bandini Petroleum Co. v. Superior Court,* 284 U.S. 8, 22, 52 S.Ct. 103, 76 L.Ed. 136 (1931); *Arizona v. California,* 283 U.S. 423, 464, 51 S.Ct. 522, 75 L.Ed. 1154 (1931). The crux of defendants' argument is that the plaintiffs failed to use the prison screening procedure and therefore have no right to challenge its constitutionality. Their contention is that the issue is not yet ripe for judicial review.

In support of their proposition, defendants rely on the case of *Berrigan v. Norton,* 322 F.Supp. 46 (D.Conn.), *aff'd,* 451 F.2d 790 (2d Cir. 1971). Plaintiff Berrigan sought a preliminary injunction to prevent Warden Norton from restraining the dissemination of copies of a sermon he had written, from curtailing the inmate's first amendment rights, and from enforcing the prison's screening procedure for outgoing materials. The court failed to reach the constitutional issues because Father Berrigan never submitted a completed writing to the authorities for approval for publication outside the prison. Thus, the issue was not ripe for judicial intervention. In *Berrigan,* there was no question that the screening procedure was not invoked, but in the instant case there is a genuine issue of fact as to whether or not the screening process was used by the visitors. It is this issue which must be decided by the trier of fact in order

---

1. Quinones was also sentenced to thirty days keep-lock at a Superintendent's Proceeding.

to determine the relative rights of the parties. Thus, because the complaint states a "case or controversy," this Court has subject matter jurisdiction over this action. Therefore defendants' motion to dismiss under Rule 12(b)(1) is denied.

■ Defendants also moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). This motion is based upon the allegation that prison authorities have the absolute right to confiscate articles that are smuggled into the prison regardless of their contents. Contraband is defined in 7 N.Y.C.R.R. § 1010.2 as

"(c) Any article or thing that is introduced into a correctional institution under circumstances evincing an intent to transfer same to an inmate without the permission of the superintendent or his designee."

Defendants contend that the pamphlets were "smuggled" into the prison because the papers were not submitted to the proper authorities for inspection and approval.[2] In other words, the papers were not subjected to the prison's screening procedure, and therefore they were confiscated solely because they were contraband and for no other reason.

Plaintiffs argue that the pamphlets in question were submitted to the prison authorities for inspection as required by prison regulations. *Id.* § 53.5. Defendants admit that the front gate officer inspected the visitors' book bags upon their arrival at the facility and permitted the visitors to bring the bags in. Thus, plaintiffs claim that the contraband regulation has been used as a mere pretext for a violation of the plaintiffs' constitutional rights. They also allege that the literature was confiscated to burden and punish the prisoners for their political beliefs and discourage further communication between the visitors and prisoners.

The Supreme Court, in *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) stated:

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957) (footnote omitted)."

Here, the complaint alleged, in part, that the plaintiffs were deprived of their federally protected constitutional rights under color of state law. Construing the allegations in the complaint favorably to the plaintiffs, as we must, there has been a violation of the plaintiffs' constitutional rights, and a valid section 1983 action has been stated. However, plaintiffs have the burden at trial to prove the truth of the allegations. Therefore, defendants' motion to dismiss the complaint under Rule 12(b)(6) is denied.

■ Defendant Benjamin Ward, Commissioner of Corrections of New York State, seeks a dismissal because he claims that he neither participated in nor had any knowledge of the alleged actions. It is clearly established that when monetary

---

**2.** 7 N.Y.C.R.R. § 53.5 states: "[Exchange of articles between visitor and inmate] Close observation shall be maintained to prevent any article being passed to or from a visitor and inmate, especially when they greet each other. Papers or other articles to be exchanged between a visitor and inmate must be inspected and approved by the principal keeper."

damages are sought pursuant to 42 U.S.C. § 1983, "the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the Defendant is required." *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *see Mukmuk v. Commissioner*, 529 F.2d 272 (2d Cir. 1976), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2238, 48 L.Ed.2d 838 (1976).

In *United States ex rel. Larkins v. Oswald*, 510 F.2d 583 (2d Cir. 1975), the second circuit held that a statutory requirement that each warden report to the Commissioner the status of all inmates in segregation every five days met the personal responsibility requirement of section 1983. That report provision, 7 N.Y.C.R.R. § 250.4(b), has since been repealed.

However, 7 N.Y.C.R.R. § 270.1(d) requires that the superintendent forward the entire record of any proceeding that sentences an inmate to confinement to his cell for more than thirty days to the Commissioner. De Jesus was sentenced to thirty days in his cell (keep-lock) commencing on February 15, 1977. Section 270.1(d)(2)(ii) of the Rules and Regulations of the Corrections Department requires that any time spent in confinement pending disposition of a matter shall be added to any sentence imposed, in determining whether the confinement exceeds thirty days. Since plaintiff was allegedly placed in keep-lock on February 14, his confinement period exceeded thirty days. Therefore, there was a statutory requirement that the superintendent of the facility send a report to the Commissioner. Thus, the personal responsibility requirement of section 1983 was met, and defendant Ward's motion for dismissal is denied.

Finally, plaintiff De Jesus cross-moved for partial summary judgment on his fourth claim which alleges interference with his access to the courts. Fed.R.Civ.P. 56. De Jesus claims that Corrections Officer Lothrop and Corrections Sergeant Westbrook threatened him with punishment if he took legal action with respect to the confiscated literature and that he was placed in keep-lock partially because he threatened to bring legal action.

"[T]he court's function upon a motion for summary judgment is not to resolve issues of fact but to determine whether any material factual issues are raised after resolving all questionable inferences in favor of the party against whom the judgment is sought." *United States v. Matheson*, 532 F.2d 809, 813 (2d Cir.), *cert. denied*, 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 185 (1976); *see Gladstone v. Fireman's Fund Ins. Co.*, 536 F.2d 1403, 1407 (2d Cir. 1976). Thus, only if no material issues of fact exist may this Court grant summary judgment.

There is no doubt that a threat by prison authorities to punish or the actual punishment of an inmate for taking legal action infringes upon that inmate's constitutional rights. *Christman v. Skinner*, 468 F.2d 723, 728 (2d Cir. 1972).

Here, there is certainly a dispute over whether Lothrop threatened De Jesus with punishment for threatening to institute legal actions. De Jesus was sentenced to keep-lock for attempting to introduce contraband into the prison and for refusing a direct order of Corrections Officer Lothrop to place the papers on a table for inspection. Thus, construing the complaint favorably to the defendants, there are clearly material issues of fact that must be resolved by the trier of the facts; therefore, plaintiff's motion for partial summary judgment is denied.

Accordingly, the defendants' motions to dismiss are denied, and plaintiff's motion for partial summary judgment is denied.

So ordered.